**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177
Facsimile: (805) 994-0197

*Attorney for Plaintiff*,
Michele Feldman

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE FELDMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COX COMMUNICATIONS, INC.<br><br>　　　　Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.　**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT; AND,**<br><br>II.　**CALIFORNIA IDENTITY THEFT ACT**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

2. In enacting the California's Identity Theft Act, Cal. Civ. Code §§1798.92 et seq. ("CITA"), the California Legislature found that the right to privacy was being threatened by the indiscriminate collection, maintenance, and dissemination of personal information. Accordingly, CITA was enacted to combat the lack of effective laws and legal remedies in place. To protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict limits. Cal. Civ. Code §1798.1(a), (c).

3. MICHELE FELDMAN ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of COX COMMUNICATIONS, INC. ("Defendant") with regard to attempts by Defendant to unlawfully and abusively collect a fraudulent debts from Plaintiff and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by each Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332 since Plaintiff, a citizen of the State of California, seeks more than $75,000, exclusive of interest and costs, from Defendant, a citizen of the State of Georgia.

10. This action arises out of Defendant's violations of (i) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA"); and, (ii) California Identity Theft Act, Cal. Civ. Code § 1798.82, et seq. ("CITA").

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Ventura County; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

# PARTIES

13. Plaintiff is a natural person who resides in Thousand Oaks, California, from whom various entities sought to collect consumer debts which were alleged to be due and owing from Plaintiff.

14. In addition, Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(c).

15. Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).

16. Defendant is communications company located in the State of Georgia.

17. Defendant is also a "claimant" as that term is defined by California Civil Code § 1798.92(a).

18. Defendant in the ordinary course of business, regularly, on behalf of themselves or others, engages in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

19. This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

# FACTUAL ALLEGATIONS

20. At all times relevant, Plaintiff is an individual residing within the State of California.

21. Unfortunately, Plaintiff recently learned that Plaintiff was the victim of identity theft regarding multiple debts.

22. Plaintiff has since engaged in multiple rounds of disputes with these entities and continually provided unrebutted evidence that Plaintiff was the victim of identity theft.

23. In support of Plaintiff's disputes, Plaintiff obtained a police report from the Ventura County Sheriff's Office on March 25, 2019.
24. Said Police Report stated the basis for Plaintiff's belief that Plaintiff is the victim of identity theft and noted that the fraud was incurred in connection with an address in North Las Vegas, NV; a place where Plaintiff has never lived.
25. In addition, Plaintiff also noted that the fraudulent accounts were opened in her maiden name, Weiner, long after she stopped using said name.
26. Plaintiff also obtained an Identity Theft Report from the Federal Trade Commission on April 1, 2021 in furtherance of her disputes.
27. Plaintiff was almost entirely successful in resolving these accounts as the investigations from the respective entities uncovered obvious indicia of fraudulent activity.
28. Specifically, T-Mobile closed a fraudulent account via written communication dated April 6, 2021.
29. First Premier Bank absolved Plaintiff of a fraudulent account via written communication dated April 8, 2021.
30. Following receipt of various disputes, Defendant asked that Credit Management L.P. ("Credit Management") engage in collection efforts towards Plaintiff regarding the fraud.
31. Plaintiff then provided Credit Management with substantiating documentation to again prove Plaintiff was not responsible for the fraudulent account.
32. Credit Management, Defendant's own agent, honored Plaintiff's fraud disputes via written communication dated April 21, 2021.
33. Defendant; however, has received the more information out any of these entities but continues to refuse to absolve Plaintiff of the fraud even after Credit Management returned the debt to Defendant.

CASE NO.: 4 OF 8 *Feldman v. Cox Communications, Inc.*
COMPLAINT

34. Plaintiff has even noted that the address associated with Defendant's fraud was also utilized in connection with the other fraudulent accounts.

35. To date, Defendant continues to hold Plaintiff responsible for said fraud.

36. Defendant's investigation was unreasonable.

37. More specifically, Defendant should have discovered from its own records, including Plaintiff's formal dispute, that the debt it sought to recover from Plaintiff was fraudulent since Plaintiff provided information showing where Plaintiff actually lived at the time the accounts were fraudulently obtained in her name.

38. Plaintiff contends that it was unreasonable for Defendant to not contact Plaintiff for further information if needed; to not contact the Police Department; and, to not conduct a simple inquiry regarding Plaintiff's name and/or location at the time the accounts were opened.

39. The unreasonableness of these investigations is further established by the fact each of the other claimants independently concluded that Plaintiff was the victim of identity theft based upon even less information than what Defendant received.

40. Through this conduct, the Furnishers violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, the Furnishers violated Cal. Civ. Code § 1788.17.

41. Through this conduct, the Furnishers violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, the Furnishers violated Cal. Civ. Code § 1788.17.

42. Through this conduct, the Furnishers violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, the Furnishers violated Cal. Civ. Code § 1788.17.

43. Through this conduct, the Furnishers violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, the Furnishers violated Cal. Civ. Code § 1788.17.

44. Through this conduct, the Furnishers violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, the Furnishers violated Cal. Civ. Code § 1788.17.

45. Through this conduct, Defendant violated Cal Civ. Code § 1798.93.

46. Since Plaintiff's efforts to be absolved of the fraudulent debts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF
## COUNT I
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)
## [AGAINST ALL DEFENDANTS]

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

49. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from the Furnishers.

## COUNT II
## VIOLATIONS OF CALIFORNIA'S IDENTITY THEFT ACT
## CAL. CIV. CODE § 1798.92-1798.97
## [AGAINST ALL DEFENDANTS]

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

52. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); a civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant;
- An award of actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5);
- A civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6);
- Attorneys' fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5),
- Any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5); and,
- Any and all other relief the Court deems just and proper.

### TRIAL BY JURY

53. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 5, 2021                                            Respectfully submitted,

**LOKER LAW, APC**

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF